# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DR. KEVIN J. RENKEN**
       **Plaintiff,**

    **v.**                        **Case No. 04-C-1176**

**DR. WILLIAM D. GREGORY;**
**DR. WILLIAM R. RAYBURN;**
**DR. JOHN A. WANAT; and**
**DR. NANCY L. ZIMPHER**
          **Defendants.**

---

## <u>DECISION AND ORDER</u>

On June 16, 2005, I granted defendants' motion to dismiss this action and ordered the clerk of court to enter judgment, which it did on the same day. Before me now is plaintiff's Fed. R. Civ. P. 60(b) motion for relief from judgment and his request for leave to file an amended complaint. As explained below, plaintiff's motion will be granted to the extent that he will be permitted to proceed on his First Amendment retaliation claim. Plaintiff's due process claims will remain dismissed.

### I. BACKGROUND

The background of this case is described in detail in my June order, with which I assume the reader is familiar. In short, plaintiff, an associate professor at the University of Wisconsin-Milwaukee ("UWM"), claims that defendants, who are or were members of UWM's faculty and administration, acted unlawfully in connection with an education grant awarded to plaintiff and UWM. Plaintiff claims that defendants retaliated against him for exercising his First Amendment rights in connection with the grant and that their actions deprived him of liberty and property without due process of law. In my June order, I

determined that plaintiff had failed to hypothesize any set of facts that could be proved consistently with the complaint which would entitle him to relief. With respect to the retaliation claim, I determined that plaintiff had failed to identify any speech which could serve as the basis for such a claim. With respect to the due process claims, I determined that plaintiff had failed to identify any protected liberty or property interests of which defendants deprived him.

In response to my decision, plaintiff filed a Rule 60(b) motion and requested leave to amend the complaint to clarify his claims. Nothing in plaintiff's motion or his proposed amended complaint alters my earlier conclusion that plaintiff does not have a viable due process claim. Thus, for the reasons stated in my June order, plaintiff's due process claims will remain dismissed. However, after plaintiff filed his Rule 60(b) motion, I held a telephonic conference with the parties in order to allow plaintiff to argue why his retaliation claim should survive. At the conference, plaintiff argued that I could infer from the complaint that defendants retaliated against him for, among other things, criticizing their attempts to misuse the grant money and filing a complaint with a UWM committee relating to their conduct in connection with the grant. The alleged retaliation included, among other things, cancelling the grant, refusing to pay plaintiff's student assistants for work that they performed which was unrelated to the grant, and denying plaintiff of $1,633 in retroactive pay earned in connection with a different grant. As explained below, these allegations state a First Amendment retaliation claim.

## II. DISCUSSION

To establish a First Amendment retaliation claim, "a plaintiff must prove that the speech in question is constitutionally protected and that it was a substantial, or motivating,

2

factor in the employer's retaliatory actions." Schad v. Jones, – F.3d –, 2005 WL 1653771, at *3 (7th Cir. 2005) (internal quotation marks and citation omitted). If the plaintiff establishes these elements, "the burden shifts to the government to prove that it would have taken the same action in the absence of the protected speech." Id. In determining whether a government employee's speech is constitutionally protected, the Seventh Circuit applies the two-step Connick-Pickering test. Id.; see also Connick v. Myers, 461 U.S. 138 (1983); Pickering v. Bd. of Educ. of Township High Sch. Dist. 205, 391 U.S. 563 (1968). First, under Connick, the plaintiff must establish that he spoke "as a citizen upon matters of public concern." Schad, 2005 WL 1653771, at *3 (internal quotation marks and citation omitted). In determining whether the plaintiff has made this showing, a court must "examine the content, form, and context of a given statement, as revealed by the whole record." Id. (internal quotation marks and citation omitted). Where, as in the present case, the government brings a motion to dismiss a retaliation claim on the basis of the pleadings rather than on the facts in the record, "the speech may be presumed to involve a matter of 'public concern' if it touches upon 'any matter for which there is potentially a public' interest." Trejo v. Shoben, 319 F.3d 878, 885 (7th Cir. 2003) (quoting Eberhardt v. O'Malley, 17 F.3d 1023, 1026 (7th Cir. 1994)). Second, under Pickering, the plaintiff must establish that his interest as a citizen in commenting on matters of public concern outweighed the state's interest as an employer in promoting the efficiency of the public services it performs through its employees. Id.

In the present case, plaintiff's speech touched upon a matter for which there is potentially a public interest – the government's use or misuse of public funds (i.e., the grant money). See, e.g., Propst v. Bitzer, 39 F.3d 148, 152 (7th Cir. 1994) (explaining that

3

Seventh Circuit, along with other circuits, "has recognized the importance of an employee's interest in pointing out a misuse of public funds or other breach of public trust"). Further, I find it inappropriate to determine at the pleading stage – before the content, form and context of plaintiff's statements are known – whether defendants' interests as employers outweighed plaintiff's interest in speaking out as a citizen on a matter of public concern. Finally, plaintiff has alleged that his speech caused defendants to retaliate against him by, for instance, cancelling the grant, refusing to pay plaintiff's student assistants, and refusing to pay plaintiff his retroactive pay. Thus, plaintiff has stated a viable First Amendment retaliation claim, and his motion for relief from judgment will be granted to allow him to proceed on such claim. However, I stress that although I am allowing this claim to proceed, prevailing on it will be an uphill battle. See Brooks v. Univ. of Wisconsin Bd. of Regents, 406 F.3d 476, 478-81 (7th Cir. 2005) (affirming district court's entry of summary judgment on university employees' claim that university officials closed laboratory in retaliation for exercise of their First Amendment rights).[1]

Plaintiff has also requested leave to amend his complaint. Because defendants have not yet answered the initial complaint, I will grant his request. However, I reiterate

_____

[1] I note that Brooks bears many similarities to the present case. First, like the plaintiffs in Brooks, 406 F.3d at 479-80, the plaintiff in this case has thus far given only vague descriptions of his speech, making it difficult for me to conclude that he spoke out on a matter of public concern. Second, also like the plaintiffs in Brooks, id. at 480, the plaintiff's speech in this case appears to relate to nothing more than his personal squabble with the university. However, I will not dismiss this case on the basis of Brooks at this point because Brooks was a summary judgment case, whereas this case involves a motion to dismiss. As discussed, a plaintiff's burden to satisfy the "public concern" element at the pleading stage is light. See Trejo, 319 F.3d at 885.

4

that the amended complaint does not state a due process claim because as a matter of law defendants have not deprived him of a liberty or property interest.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiff's motion for relief from judgment is **GRANTED**. The judgment entered in this case on June 16, 2005 is hereby **VACATED**.

**IT IS FURTHER ORDERED** that my June 16, 2005 order dismissing this case is hereby **VACATED** to the extent that it dismissed plaintiff's First Amendment retaliation claim.

**FINALLY, IT IS ORDERED** that plaintiff's request to file an amended complaint is **GRANTED**. Defendants shall **ANSWER** the amended complaint within **THIRTY DAYS** of the date of this order.

Dated at Milwaukee, Wisconsin, this 15 day of August, 2005.


/s_____
LYNN ADELMAN
District Judge

5