# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

**DR. KEVIN J. RENKEN,**
    **Plaintiff,**

v.                                       Case No. 04-C-1176

**DR. WILLIAM D. GREGORY,**
**DR. WILLIAM R. RAYBURN,**
**DR. JOHN A. WANAT,**
**DR. NANCY L. ZIMPHER**
    **Defendants.**

## DECISION AND ORDER

Plaintiff Kevin J. Renken, an associate professor at the University of Wisconsin - Milwaukee ("UW-M"), brings this § 1983 action against members and former members of UW-M's faculty and administration. I previously dismissed all of his allegations except his claim that defendants retaliated against him because he exercised his First Amendment right to criticize and complain about UW-M's proposed use of federal grant money. Defendants now move for summary judgment.

## I. FACTS

The National Science Foundation awarded plaintiff a grant to establish a thermal engineering laboratory. The grant required UW-M to "cost-share," and UW-M agreed to do so. Plaintiff disagreed with defendants' proposed use of the grant money and expressed his opinion that their proposed use violated federal law. He also filed complaints about their proposed use with UW-M committees. Plaintiff states that defendants retaliated against him by refusing to pay his student assistants and by proposing to reduce his compensation.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." <u>Id.</u> For the fact to be material, it must relate to a disputed matter that "might affect the outcome of the suit." <u>Id.</u>

The party moving for summary judgment bears the initial burden of demonstrating that it is entitled to judgment as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). The moving party may satisfy its initial burden simply by pointing out that there is an absence of evidence to support the non-moving party's case. <u>Id.</u> at 325. Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. <u>Id.</u> at 322-23. Neither party may rest on mere allegations or denials in the pleadings, <u>Anderson</u>, 477 U.S. at 248, or upon conclusory statements in affidavits, <u>Palucki v. Sears, Roebuck & Co.</u>, 879 F.2d 1568, 1572 (7th Cir. 1989).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). However, it is "not required to draw every

conceivable inference from the record – only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

### III. DISCUSSION

Defendants argue that their actions did not violate § 1983 because plaintiff's speech was not protected by the First Amendment. In determining whether plaintiff's speech was protected by the First Amendment, I ask first whether he spoke pursuant to his official duties or as a citizen. Garcetti v. Ceballos, ___ U.S. ___, ___ 126 S. Ct. 1951, 1960 (2006); see also Spiegla v. Hull, 481 F.3d 961, 963 (7th Cir. 2007); Morales v. Jones, No. 06-1463, 2007 WL 2033754 (7th Cir. July 17, 2007). If plaintiff spoke pursuant to his official duties, the speech is not protected, and he has no claim for retaliation under the First Amendment. Garcetti, 126 S. Ct. at 1960. To be made pursuant to official duties, an employee's speech need not arise out of his "core" functions but only be consistent with his general duties. See Spiegla, 481 F.3d at 966 (stating that employee reporting breach in prison search policy spoke as an employee not a citizen, even though doing so was "not part and parcel of her core function[ ]"); see also Mills v. City of Evansville, 452 F.3d 646, 647-48 (7th Cir. 2006) (stating that police officer who criticized a superior's personnel decision spoke as an employee, not a citizen).

The primary duties of a UW-M faculty member are teaching, research and service. See Wis. Admin. Code § UWS 3:06(1)(b). In the present case, plaintiff criticized defendants' proposed use of grant money because he wanted to use the grant for his research and teaching. Thus, he made the statements at issue as part of his effort to carry out two of his primary duties, research and teaching. In fact, plaintiff states in his amended complaint that by terminating the grant, defendants "prevented [him] from

fulfilling his job responsibilities to solicit education and research funds." (Am. Compl. ¶ 1.) He also acknowledges that his statements were made "during the grant application process and implementation of the project." (Id. at ¶ 38.) Thus, when plaintiff made the remarks in question, he spoke pursuant to his official duties, rather than as a citizen who was only trying to contribute to civic discourse. See Garcetti, 126 S. Ct. at 1958-60. Plaintiff argues that because his comments did not amount to official work product, he cannot be said to have spoken pursuant to official duties. However, this argument is based on a reading of Garcetti that is narrower than that indicated in such Seventh Circuit cases such as Spiegla, Mills and Morales.

Even assuming that plaintiff spoke as a citizen and not pursuant to official duties, his speech would be constitutionally protected only if it related to a matter of public concern. See Connick v. Meyers, 461 U.S. 138, 147 (1983). In determining whether speech relates to a matter of public concern, courts should consider a number of factors including the subject matter of the speech and the plaintiff's motive for speaking. In the present case, plaintiff argues that his speech related to a matter of public concern because the subject matter of the speech was the use of public funds. However, even assuming that the subject matter of the speech involved a matter of public concern, I must also look at "the point of the speech in question: was it the employee's point to bring wrongdoing to light? . . . or was the point to further some purely private interest?" Delgado v. Jones, 771 F.3d 511, 518 (7th Cir. 2002) (quoting Linhart v. Glatfelter, 771 F.2d 1004, 1010 (7th Cir. 1985)); see also Connick, 461 U.S. at 148; Kokkinis v. Ivkovich, 185 F.3d 840, 844 (7th Cir. 1999).

If an employee speaks to advance a private interest, such as an interest in

4

obtaining funding for a project rather than to bring wrongdoing to light, the speech is not constitutionally protected. See Delgado, 282 F.3d at 218. In the present case, the point of plaintiff's speech was to further his research and teaching goals and therefore to advance a private interest. Cf. Propst v. Bitzer, 39 F.3d 148, 152 (7th Cir. 1994) (stating that speech concerning use of funds that did not benefit employee was protected). Plaintiff commented on defendants' proposed use of grant funds in order to obtain funding to "stay on the cutting edge of research and education methods," secure six months of summer salary, (Compl. ¶ 35), teach fewer classes, (Compl. ¶ 38) and to improve his lab facilities without depleting funds for the project. Thus, similar to the employee's motivation in Brooks v. Univ. of Wis. Bd. of Regents, 406 F.3d 476, 481 (7th Cir. 2005), plaintiff sought to advance a private interest. Therefore, the speech is not constitutionally protected. See Delgado, 282 F.3d at 518 (citing Linhart, 771 F.2d at 1010).

Based on the foregoing, I need not address the additional issues raised by defendants.

## IV. CONCLUSION

Therefore,

**IT IS ORDERED** that defendants' motion for summary judgment is **GRANTED**, and this case is **DISMISSED.**

5

Dated at Milwaukee, Wisconsin this 31 day of July, 2007.

                                    /s_____
                                    LYNN ADELMAN
                                    District Judge